| | |
|---|---|
| GENE STILLPASS and SUSAN STILLPASS,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE FINANCING PLANNERS, LLC, a Minnesota limited liability company; MORTGAGE INNOVATIONS, INC., a Minnesota Corporation; MORTGAGE INNOVATIONS, LLC, a Minnesota limited liability company; KRISTOPHER C. HOWARD; GERARD TUMA; REBECCA TUMA; and GN MORTGAGE, LLC, a foreign limited liability company<br><br>Defendants. | Civil No. 07-2323 (JRT/FLN)<br><br>ORDER AFFIRMING AND ADOPTING THE ORDER AND REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE |

Gene Stillpass and Susan Stillpass, 13640 Gurney Path, Apple Valley, MN 55124, plaintiffs *pro se*.

Chad A. Kelsch, **HELLMUTH & JOHNSON PLLC**, 10400 Viking Drive, Suite 500, Eden Prairie, MN 55344; and Eldon J. Spencer, Jr., and James M. Jorissen, **LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402, for defendants Mortgage Financing Planners; Mortgage Innovations, Inc.; Mortgage Innovations, LLC; Kristopher Howard; Gerard Tuma; and Rebecca Tuma.

Dana K. Nyquist and Michael J. Orme, **ORME & ASSOCIATES, LTD**, 4040 Nicols Road, Eagan, MN 55122, for defendant GN Mortgage, LLC.

This case is before the Court on letters submitted by plaintiffs Gene Stillpass and Susan Stillpass (collectively, "plaintiffs"), which this Court construes as objections to an

Order and Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on January 30, 2009. In that Order and Report and Recommendation, the Magistrate Judge granted plaintiffs' counsel Michael Kallas' motion to withdraw as counsel of record without substitution and recommended that this Court dismiss plaintiffs' case for failure to prosecute. After reviewing for clear error the Order granting counsel's motion to withdraw, *see* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR. 72.2, and reviewing the Report and Recommendation *de novo*, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR. 72.2(b), the Court overrules plaintiffs' objections and affirms and adopts the Order and Report and Recommendation of the Magistrate Judge for the reasons discussed below.

**BACKGROUND**

On April 13, 2007, plaintiffs filed a complaint in Minnesota state court against defendant Mortgage Financing Planners, LLC and other entities and individuals (collectively, "defendants") relating to the financing of plaintiffs' real property. Specifically, plaintiffs sought various declarations addressing their interests in the real property and alleged violations of state and federal consumer protection statutes. Defendants thereafter removed the case to federal court.

On November 18, 2008, plaintiffs' counsel Michael Kallas moved to withdraw from representation of plaintiffs based on his repeated inability to communicate with them and plaintiffs' failure to offer him direction in litigating their claims. It is undisputed that plaintiffs did not participate in a notice of settlement conference or a

December 8, 2008, settlement conference, despite the Magistrate Judge's express requirement that plaintiffs appear for the settlement conference.

On December 11, 2008, the Magistrate Judge ordered plaintiffs to show cause in writing on or before January 5, 2009, why their case should not be dismissed for failure to prosecute. In anticipation of plaintiffs' response, the Magistrate Judge took Kallas' motion to withdraw under advisement. Kallas provided plaintiffs with a copy of the Order to Show Cause and instructed plaintiffs that if they did not respond, the Court would likely dismiss their case. (*See* Dec. 15, 2008, Kallas Letter to Pls., Docket No. 60.) Plaintiffs, however, did not respond to Kallas' letter or to the Magistrate Judge's Order to Show Cause. As a result, on January 30, 2009, the Magistrate Judge granted Kallas' motion to withdraw as counsel of record without substitution and recommended that this Court dismiss the case.

On February 8, 2009, plaintiffs sent a letter to the Magistrate Judge raising their concerns about the dismissal of the case. (Docket No. 56.) The Magistrate Judge responded to plaintiffs by letter, reiterating the rationale for dismissing the case, informing plaintiffs that their February 8 letter would be construed as a timely filed objection to the Order and Report and Recommendation, and instructing plaintiffs to submit additional evidence to this Court supporting their arguments if they intended to pursue the objection. Plaintiffs then sent another letter to this Court, expanding on their February 8 letter, to which Kallas responded.

# DISCUSSION

## I. DISMISSAL FOR FAILURE OF PROSECUTION

A district court may, in its discretion, dismiss an action on its own motion for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1962); 9 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2369 (3d ed. 2008). A court's authority to dismiss a case under those circumstances "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, at 630-31.

After finding that plaintiffs repeatedly failed to communicate with Kallas regarding the litigation of their claims, failed to appear at the notice of settlement conference and the December 8 settlement conference, and failed to respond to the Order to Show Cause, the Magistrate Judge concluded that it was appropriate to dismiss plaintiffs' case for failure to prosecute. (Report and Recommendation, Docket No. 55 at 2-3.) Because plaintiffs' objection letters expressly address the Magistrate Judge's *sua sponte* decision to dismiss the case and because such action is dispositive to plaintiffs' claims, the Court reviews the Magistrate Judge's decision *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR. 72.2(b).

Plaintiffs argue generally that they were not provided with notice of any pre-trial hearing,[1] and question: "[w]hen Mr. Kallas alleges that we have not been communicating with him, and, thus, he requested to be removed from the case, why or how would we be able to communicate with him on an intelligent level when we have no idea where the case stands to date on any issue, of which there are many?" (Docket No. 59, at 3.) In response, Kallas produces copies of letters sent to plaintiffs, including (1) an October 30, 2008, letter notifying plaintiffs of the settlement conference date and informing them that their presence would be required at that hearing; (2) a November 4, 2008, letter noting plaintiffs' failure to respond to Kallas' voicemails and entreating plaintiffs' participation in the litigation and cautioning that Kallas could withdraw from representing plaintiffs; (3) a November 11, 2008, letter outlining the dates on which Kallas attempted to contact plaintiffs to no avail, along with requests that plaintiffs participate in the litigation; (4) a November 18, 2008, letter serving notice of the motion to withdraw with supporting documents[2]; and (5) a December 15, 2008, letter notifying plaintiffs of the Magistrate

---

[1] Plaintiffs contend that they were unable to attend a May 2008 hearing on a defendant's motion for summary judgment due to a late time change for the hearing, but the Court does not consider such absence in its conclusions here. Plaintiffs were not required to be present for that hearing, and the Court ultimately denied the motion.

[2] Kallas certified to the Court that service of the notice of motion to withdraw and all other relevant documents were delivered by first class mail to plaintiffs. (Docket No. 51.)

Judge's Order to Show Cause and describing the practical consequences of failing to respond to that Order.[3]

Outside of a cursory assertion in their February 8 letter that they did not receive notice of any "pre-trial hearing," plaintiffs do not assert that they did not receive the letters or voicemails from Kallas,[4] and plaintiffs do not present evidence contradicting the Magistrate Judge's findings. Indeed, even if the Court were to exclude from consideration evidence presented by Kallas documenting his attempted contacts with plaintiffs, plaintiffs indisputably failed to appear at the notice of settlement conference or the December 8 settlement conference held before the Magistrate Judge, and clearly failed to answer the Order to Show Cause. Moreover, plaintiffs offer only conclusory argument that they would not have ignored Kallas' communications if he had contacted them and that Kallas "has been less than communicative." (Pls.' Feb. 8, 2009, Letter, Docket No. 56.)

In these circumstances the evidence supports dismissal for failure to prosecute on the Court's own motion. The Court, however, dismisses plaintiffs' claims without prejudice, and plaintiffs may pursue, in a new complaint, claims not barred by the statute of limitations. Of course, plaintiffs will not start from scratch, as Kallas, whose motion

---

[3] Kallas represented to the Court that he provided a copy of the Order to Show Cause to his clients along with an explanation of that Order, but asserted that he did not receive a response to that communication. (Docket No. 54.)

[4] Instead, plaintiffs merely state that "[t]he communications we did receive from Kallas & Associates seemed to be limited mainly to whatever motions or letters they answered from the other parties involved in the case. We have not received copies of any papers of importance from **the Defendants and/or their attorneys**." (Docket No. 59 at 3 (emphasis added).)

- 6 -

was granted by the Magistrate Judge in an Order that this Court affirms as discussed below, will provide materials to plaintiffs as required under the applicable provisions of the Minnesota Rules of Professional Conduct.

## II. WITHDRAWAL

The Magistrate Judge further granted Kallas' motion to withdraw without substitution, but plaintiffs argue that granting that motion was in error. Under District of Minnesota Local Rule 83.7, "[w]ithdrawal [of counsel] without substitution may be granted only by a motion made before the Court, for good cause shown." D. Minn. L.R. 83.7(c). The Court reviews the Magistrate Judge's Order to determine whether it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR. 72.2.

Despite Kallas' repeated attempts to contact plaintiffs and encourage their participation in the prosecution of their claims, plaintiffs were nonresponsive. Plaintiffs argue, however, that Kallas should not be permitted to withdraw. Specifically, plaintiffs contend that Kallas' motivation for withdrawing from the case is financial: plaintiffs owe Kallas $6,000 for his legal representation up to this point. In connection with this concern, plaintiffs sought the advice of a legal aid attorney at a local government center and were advised that "no attorney is allowed to just drop a case in Federal Court, and, further, an attorney is not allowed to drop a case because monies are owed to him." (Docket No. 59 at 4.)

The Court agrees that the Local Rules do not permit an attorney to simply "drop a case in Federal Court" and Kallas does not dispute that an attorney may not withdraw

merely because plaintiffs owe him legal fees.  The Local Rules, however, provide that an attorney may withdraw from representation without substitution if counsel moves the court for withdrawal, establishes "good cause", and the court grants such motion.  Here, the evidence overwhelmingly indicates that plaintiffs failed to respond to Kallas' repeated attempts at communication and, in those circumstances, the Court cannot conclude that the Magistrate Judge erroneously found good cause for granting Kallas' motion.  Accordingly, the Court affirms the Order of the Magistrate Judge.

Kallas, however, is responsible for turning over materials to plaintiffs in accordance with the Minnesota Rules of Professional Conduct governing, *inter alia*, withdrawal and attorney work product.  Further, and as noted above, this Order, which dismisses plaintiffs' case without prejudice, does not prevent plaintiffs from filing a new complaint alleging similar claims that are not barred by the statute of limitations.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs' objections [Docket Nos. 56, 59] are **OVERRULED**.  The Court **AFFIRMS** and **ADOPTS** the Order and Report and Recommendation of the Magistrate Judge dated January 30, 2009, [Docket No. 55] as follows:

1. The Magistrate Judge's Order Granting Attorney Michael Kallas' Motion to Withdraw as Counsel of Record Without Substitution [Docket No. 47] is **AFFIRMED**.

2.   This case is **DISMISSED without prejudice** for failure of prosecution.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: July 17, 2009                                 ____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                                   United States District Judge